# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

                Plaintiff,

     v.

JAMES TILTON, et al.,

                Defendant.

_____ /

CASE NO. 1:08-cv-01906-DLB PC

ORDER TO SHOW CAUSE

(Doc. 1)

TWENTY (20) DAY DEADLINE

Plaintiff Garrison S. Johnson ("Plaintiff"), Inmate No. D-59672, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 11, 2008. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). However, as a preliminary matter, before the Court will screen Plaintiff's complaint, it is necessary that Plaintiff have exhausted available administrative remedies prior to filing his complaint.

Plaintiff's complaint alleges an Equal Protection violation for an alleged breach of contract by defendants James Tilton, M. L. Cate, Roderick Q. Hickman, James Gomez, and James Rowland. (Doc. 1, pp. 5-6, ¶¶ 3-8.) Plaintiff alleges that pursuant to a settlement agreement between defendants and Plaintiff reached in 2005, the California Department of Corrections ("CDCR") would racially integrate double cell housing of inmates in their reception centers and general population. (Id., pp. 6-7, ¶¶ 10-11.) Plaintiff alleges that if CDCR does not

1

1  live up to the terms of the agreement, Plaintiff is entitled to commence an action for breach of

2  contract and/or file an injunction. (Id., p. 7, ¶ 12.) Plaintiff alleges that defendants' breach of

3  contract violates the Equal Protection Clause. (Id., p. 9, ¶ 24.) However, Plaintiff clearly

4  indicates that he has not exhausted any administrative remedies. (Id., p. 2.)

5        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

6  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

7  confined in any jail, prison, or other correctional facility until such administrative remedies as are

8  available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

9  administrative remedies prior to filing suit. Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

10  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required

11  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

12  Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

13  prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

14        The California Department of Corrections has an administrative grievance system for

15  prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by

16  submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including

17  the informal level, first formal level, second formal level, and third formal level, also known as

18  the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days

19  of the event being appealed, and the process is initiated by submission of the appeal to the

20  informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In

21  order to satisfy section 1997e(a), California state prisoners are required to use this process to

22  exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006);

23  McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . .

24  unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 918-19 (citing Porter, 435

25  U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet

26  federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524

27  (quoting Booth, 532 U.S. at 739 n.5).

28        Plaintiff states in his complaint that he is filing suit because of a breach of contract and

2

1    that he has not exhausted administrative remedies.[1]

2        Accordingly, it is HEREBY ORDERED that within **twenty (20) days** of service of this

3    order, Plaintiff must show cause why this Court should not dismiss this action pursuant to 42

4    U.S.C. § 1997e(a).

5        Failure to respond timely to this order will result in dismissal of this action without

6    prejudice.

7        IT IS SO ORDERED.

8        **Dated:    April 3, 2009**          _/s/_ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complaint also suffers from other possible deficiencies.  A section 1983 claim is generally not the proper remedy to enforce a settlement agreement.  "An agreement to settle a legal dispute is a contract" and the court "rel[ies] on basic contract principles to interpret" the agreement. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989) (citing Miller v. Fairchild Indus., 797 F.2d 727, 733 (9th Cir. 1986)).  Absent a federal court embodying the settlement contract in its dismissal order or retaining jurisdiction over the settlement contract, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).

3